Curia, per

Richardson, J.
The election of sheriff was given to the people by the Act of 1808, 2 Brev. “ Sheriff,” sec. 71.(a) To be managed as the election of Senator and Representatives. The managers of the polls are to declare the result of the election, and .certify it. Upon their certificate, the Governor gives commission to the successful candidate, and he goes into office. Under all the evidence of office which I *have referred to, Mr. Townsend presents himself as the rightful incumbent. Is he to be ousted ? It has been decided, in the case of the State vs. DeLesseline, (2 McC. 53,) that it takes a majority of the managers of all the polls to count the votes and declare the election. And it is now urged, that no less than a majority of the managers for each poll are competent to hold it. But we know that the House of Representatives have upheld as a member, the candidate who received a majority of the votes, including a poll so holden by one or two or more managers. Such a legislative decision is imposing authority, when we consider that Sheriff’s elections are ordered to be holden and managed as elections for the Legislature. To this authority we may add, that a distinguished judge has said, in the case of the State vs. Huggins (State Rep. 139,) that one manager may hold the election. And I should therefore hesitate to say, there being no other objection, that in such case the election would be utterly void. This is the judicial province. We may arrest the certificate and commission, if they infract the law or the constitution of the State. The judges are to see that no usurper of office shall keep it ; the rest is within the legal jurisdiction of the managers and the Governor. But there is no necessity for deciding absolutely upon that point. By the Act of 1828, p. 39, the delegation of each district is authorized to substitute managers of polls, in cases of vacancy.(b) And in the instance before us, the Senator of the district, in the absence of the single Representative, filled up the vacancy of one of the original managers ; and this appointment is not objected to by the Representative. In such a case, when the proper object is merely to ascertain the true vote and appointment by the people of their officer, and that purpose has been answered, as we are assured by the certificate of the managers, I can scarcely call it an irregularity. But assuredly this manner of holding the poll to receive the votes, has infracted no plain rule of law or the principles of the constitution, to justify this Court to arrest the election, and eject the incumbent from his office.
The motion is-therefore dismissed.
Butler, Earle, and Evans, JJ., concurred.

 5 Stat., 569. An.

 6 Stat., 94, § 2. An.